**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FOR THE DISTRICT OF NEW MEXICO
by MATTHEW J. DYKMAN, in his
official capacity as Clerk of Court,

       Plaintiff,

v.                                           10-cv-00644 WJ/RLP

MARK E. HOPKINS,
SHARON J. HOPKINS, and
UNITED STATES (IRS),

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court upon the United States' Motion for Summary Judgment, filed October 26, 2010 (**Doc. 10**). The motion is unopposed.[1] Having considered the parties' briefs and the applicable law, I find that Defendant's ("IRS" for purposes of this Order) motion is well-taken and will be granted.

**Background**

This is a tax evasion case which morphed into an interpleader action. On April 9, 2009, Defendants Mark and Sharon Hopkins were indicted for tax evasion under 26 U.S.C. § 7201.[2]

---

[1] Documents 15 and 16 state there is no opposition on the part of Mark and Sharon Hopkins. Plaintiff Matthew J. Dykman, Clerk of the Court for the District of New Mexico, has formally advised that he takes no position as to the United States' motion for summary judgment. Doc. 17.

[2] Supporting documentation for the factual background is provided in the IRS' memorandum brief.

*See* 09cr863 MCA.  On October 16, 2009, United States District Judge Christine Armijo entered an Order based on the parties' agreement that Mark Hopkins would make monthly payments of $10,000, following an initial lump sum of $60,000, into the Court registry as part of their Conditions of Release.  Mr. Hopkins subsequently moved to modify those conditions, and Judge Armijo granted the motion on June 18, 2010, holding that Mr. Hopkins no longer had to make monthly payments into the Court registry.  Judge Armijo also ordered the Court Clerk to release funds (approximately $130,000) directly to Mark Hopkins and further ordered that Mark Hopkins pay his estimated quarterly tax payments directly to the IRS with monitoring by Pretrial Services.

Prior to the funds being turned over to Mark Hopkins, on June 22, 2010, the IRS issued a Notice of Levy under 26 U.S.C. § 6331(1) to the Clerk of Court for the United States District Court of New Mexico, requiring the Clerk of Court to turn over the money in the Court registry to the IRS.  On July 7, 2010, the Hopkins filed an emergency motion seeking to enjoin the IRS, compel payment of the funds to Mark Hopkins, and, in effect, make a determination of priority in the funds held by the Clerk of Court.  On July 8, the District Court denied the Hopkins' emergency motion.

On July 8, 2010, the Clerk of Court for the United States District Court of New Mexico filed the instant interpleader suit against Mark Hopkins, Sharon Hopkins, and the United States and interpled the $130,000 which was still being held in the Court registry.  *See* 10-cv-644 WJ/RLP. In this action, both the Hopkins Defendants and the IRS are claiming rights to the Court registry funds.

The interpleader action sought an Order (1) to restrain any of the Defendants from prosecuting Plaintiff in any forum regarding the money presently held in the Court registry; (2)

allowing the Clerk of Court to continue to hold the disputed sums in the registry pending further Court Order; and (3) discharging the Clerk of Court Clerk from any and all liability on account of competing claims of Defendants. The Hopkins Defendants and the IRS filed answers to the interpleader complaints.

On September 3, 2010, Mark Hopkins and Sharon Hopkins filed a voluntary Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for New Mexico.

On September 29, 2010, both Mark and Sharon Hopkins were convicted by jury of tax evasion under 26 U.S.C. § 7201. *See United States v. Mark Hopkins and Sharon Hopkins*, Case No. 09cr863 (United States District Court for the District of New Mexico).

On October 7, 2010, the Bankruptcy Court for the District of New Mexico entered an order lifting the automatic stay under 11 U.S.C. § 362 to allow the United States to proceed in this action.

## Discussion

The summary judgment motion filed by the IRS seeks two-part relief. First, the IRS contends that the levy issued on the Clerk of Court should be honored by allowing the registry funds to be paid to the IRS. Second, the IRS claims that Plaintiff is not entitled to attorneys fees and costs out of the interpled funds.

The position taken by the IRS in the summary judgment motion is not opposed by either the Hopkins Defendants or the Plaintiff. The Court notes that the arguments posed by the IRS in the motion are legally supportable.

**I.       Legality of the Tax Lien**

Under 26 U.S.C. § 6321, a federal tax lien is created when a taxpayer either refuses or

neglects to pay a tax upon demand.[3] Once the IRS levies, it steps into the taxpayer's shoes and acquires all the rights of the taxpayer. *See Kane v. Capital Guardian Trust Co.*, 145 F.3d 1218, 1223 (10th Cir. 1998) (IRS acquired all of tax-delinquent defendant's rights in his IRA upon issuing a notice of levy, including defendant's right to liquidate the mutual fund shares in the IRA and withdrawal of cash proceeds). Under 26 U.S.C. § 6331, the IRS may levy upon all a taxpayer's property to which a tax lien is attached. The statute also provides an administrative remedy to the IRS for the collection of delinquent taxes without judicial intervention. *Id*. at 1221.

It is a relatively simple process for the IRS to obtain taxpayer funds from a court registry, once a determination by court order is made regarding the distribution of those funds. *See, e.g.*, *U.S. v. Mathewson*, 839 F.Supp. 857 (S.D.Fla.,1993) (holding that levy action merely preserved property to satisfy debt owed to government, and did not settle rights to seized property, which could be resolved by separate civil action); *U.S. v. Mauney* 642 F.Supp. 1097 (W.D.N.C.,1986) (holding that Government was entitled to enforcement of an administrative levy demanding funds held by clerk of court; and furthermore, the Government was not required to commence a special proceeding in state court in order to recover the funds). I am also satisfied that the IRS' levy on the funds in the Court registry does not run afoul of the Hopkins' constitutional rights. *See Baddour, Inc. v. U.S.*, 802 F.2d 801, 807 (5th Cir. 1986) (noting numerous United States Supreme Court cases upholding the constitutionality of the IRS' levy procedures in a "variety of

---

[3] Section 6321 states:
If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

contexts").

The federal tax liens against Mark Hopkins arose on December 25, 2005, when tax assessments were made for the tax years 1996 and 1997.[4]  Those liens are attached to the $130,000 held by the Clerk of Court.  Under Judge Armijo's June 18, 2010 Order directing the release of those funds to Mr. Hopkins, Mr. Hopkins had a right to receive the funds and was merely awaiting distribution from the Clerk.  The levy imposed by the IRS seized that right, pursuant to 26 U.S.C. § § 6331 and 6332, and those funds are not exempt from levy.  *See* 26 U.S.C. § 6334(a) (listing property exempt from the collection of taxes).  Accordingly, the Court's June 18, 2010 Order is still valid and enforceable, and under that Order and this Order, the Clerk of Court is directed to release the aforementioned $130,000 held in the Court registry to the United States.

**II.     Attorney Fees**

The Court's power to award attorney's fees is limited when a federal tax lien is involved. *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir. 1974) (noting that the well-established rule is that "[t]he stakeholder of an interpleaded fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien.") (citing numerous cases). Plaintiff does not challenge the IRS' position on this issue.  Therefore, Plaintiff is not entitled to attorney fees.

**III.    Relief Under Interpleader**

As mentioned above, Plaintiff's interpleader requested certain relief, which the Court now finds should be granted in part based on the circumstances.  Any relief requested but not

---

[4] Mark Hopkins was adjudged guilty by a jury of tax evasion for those years. *See* Doc. 270 in 09cr863 MCA.

specifically granted herein is found to be moot.  The Clerk of Court is insulated from exposure to liability would normally support an action in interpleader[5] by the statutory defense available under 26 U.S.C. § 6332(e).[6]

Therefore, I find the following: (1) Defendants are restrained from prosecuting Plaintiff in any forum regarding the money presently held in the Court registry; (2) the Clerk of Court is hereby discharged from any and all liability on account of competing claims of Defendants.

## Conclusion

I find and conclude that the IRS' levy on the $130,000 held in the Court registry shall be honored in that the Clerk of Court is hereby directed to release the aforementioned $130,000 held in the Court registry to the United States.

I further find and conclude that: (1) Defendants are restrained from prosecuting Plaintiff in any forum regarding the money presently held in the Court registry; (2) the Clerk of Court is hereby discharged from any and all liability on account of competing claims of Defendants.

**THEREFORE,**

**IT IS ORDERED** that the United States' Motion for Summary Judgment, filed October 26, 2010 **(Doc. 10)** is hereby GRANTED.  Based on this Order, as well as the Order entered by

---

[5] Fed.R.Civ.P. 22 allows the joining of parties who are required to interplead, or the filing of crossclaims or counterclaims to seek interpleader, where a party is exposed to "double or multiple liability."

[6] Section 6332(e) states:
. . . Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

Judge Armijo in 09cr863 **(Doc. 145)** which ordered the Court Clerk to release funds amounting to $130,000 directly to Mark Hopkins, CLERK OF COURT MATTHEW J. DYKMAN IS HEREBY DIRECTED TO RELEASE TO THE UNITED STATES, THE AFOREMENTIONED $130,000 HELD IN THE COURT REGISTRY;

**IT IS FINALLY ORDERED** that (1) Defendants are restrained from prosecuting Plaintiff Matthew J. Dykman in any forum regarding the money presently held in the Court registry and (2) Clerk of Court Matthew J. Dykman is hereby discharged from any and all liability on account of competing claims of Defendants.

_____
UNITED STATES DISTRICT JUDGE